# EXHIBIT 1

# APEX HOSPICE AND PALLIATIVE CARE, INC.
## Hospice Medical Director Agreement

This Agreement is made this **9th** day of **February 2024**, effective as of February 19, 2024, by and between Apex Hospice and Palliative Care, Inc. ("APEX HOSPICE AND PALLIATIVE CARE, INC.") and Dr. Janice Makela, a MEDICAL DIRECTOR ("HOSPICE MEDICAL DIRECTOR").

## 1. PURPOSE

Apex Hospice and Palliative Care, Inc. desires to engage a qualified MEDICAL DIRECTOR to act as HOSPICE MEDICAL DIRECTOR. HOSPICE MEDICAL DIRECTOR is a MEDICAL DIRECTOR qualified by virtue of training and experience in the practice of medicine or osteopathy, is licensed as a Doctor of Medicine or osteopathy in the State of Illinois, meets the requirements for membership on the medical staff of Apex Hospice and Palliative Care, Inc. and is Board Certified in a related specialty.

## 2. OBLIGATIONS OF HOSPICE MEDICAL DIRECTOR

2.1 <u>Status and Membership</u>. HOSPICE MEDICAL DIRECTOR will remain in full compliance with all of the following conditions continuously during the entire term of this Agreement. Failure of HOSPICE MEDICAL DIRECTOR to satisfy any or all of the following conditions will constitute grounds for automatic termination of this Agreement as set forth in Section 4.3.

(a) Will be licensed as a Doctor of Medicine or osteopathy in the State of Illinois without restriction or subject to any disciplinary or corrective action and is Board Certified in a related specialty;

(b) Will be a member in good standing of the active category of the Medical Staff of APEX Hospice and Palliative Care, Inc. without restriction or subject to any disciplinary or corrective action; and

(c) Will abide by the Bylaws and Rules and Regulations of APEX Hospice and Palliative Care, Inc., and the medical staff; by the policies and procedures of Apex Hospice and Palliative Care, Inc.; and in direct compliance with all state, federal, local and CHAP rules, regulations, and standards.

2.2 <u>Duties and Responsibilities of HOSPICE MEDICAL DIRECTOR</u>.

(a) HOSPICE MEDICAL DIRECTOR is responsible for the submission to Apex Hospice and Palliative Care, Inc. of documentation of services provided as appropriate.

(b) HOSPICE MEDICAL DIRECTOR will be a participating member of the hospice interdisciplinary group of APEX Hospice and Palliative Care, Inc. and participate in the annual evaluation.

(c) HOSPICE MEDICAL DIRECTOR will advise and/or assist in the resolution of concerns/conflicts involving physicians utilizing the services of Apex Hospice and Palliative Care, Inc.

(d) HOSPICE MEDICAL DIRECTOR will perform and/or provide oversight of face-to-face encounters as necessary.

## APEX HOSPICE AND PALLIATIVE CARE, INC.
Hospice Medical Director Agreement

(e) HOSPICE MEDICAL DIRECTOR will review and sign initial hospice certifications of terminal illness, and recertifications as indicated.

2.3 <u>Responsibilities of Apex Hospice and Palliative Care, Inc.</u> To provide skilled services to patients admitted by Apex Hospice and Palliative Care, Inc. according to its policies on acceptance of patients for service, state rules and regulations, local laws, Federal Conditions of Participation and CHAP standards.

Provide the HOSPICE MEDICAL DIRECTOR with an orientation to the hospice program. Additional informational materials will be provided, as needed, throughout the term of the agreement. Verbal reports on the status of the APEX Hospice and Palliative Care, Inc. will be provided at least quarterly at the Quality Improvement Meetings.

Apex Hospice and Palliative Care, Inc. retains all responsibility and authority for the patient admission process; patient assessment; the development, review and revision of the plan of care; the coordination, supervision and evaluation of the patient care provided; the scheduling of visits or hours; and discharge planning.

Apex Hospice and Palliative Care, Inc. will ensure the quality and utilization of services in accordance with its quality management program. The Administrator of hospice is responsible for the monitoring and control of services provided.

Apex Hospice and Palliative Care, Inc. will provide HOSPICE MEDICAL DIRECTOR with any changes to these rules, regulations and standards and allow HOSPICE MEDICAL DIRECTOR at least 30 days to meet these changes.

2.4 <u>Compliance with Standards</u>. HOSPICE MEDICAL DIRECTOR will perform all services and duties under this Agreement in strict accordance with all laws, rules, regulations, ordinances, and judicial and administrative interpretations thereof, of the United States, the State of Illinois, the City of Westmont political subdivisions, agencies, and instrumentality's of any of them, as well as with the bylaws, rules, regulations, guidelines, policies, and procedures of Apex Hospice and Palliative Care, Inc., as all of the foregoing may from time to time be in effect. Particularly, and not by way of limitation, HOSPICE MEDICAL DIRECTOR will comply with the Illinois Medical Practice Act or Osteopathic Practice Act and all rules and regulations of the Illinois State Board of Medical Examiners or State Board of Osteopathic MEDICAL DIRECTOR and will do everything necessary to maintain in effect his license as a Doctor of Medicine or osteopathy within the State of Illinois.

2.5 <u>Insurance</u>. APEX HOSPICE AND PALLIATIVE CARE, INC. will at all times throughout the term of this Agreement maintain professional liability and malpractice insurance by occurrence in an amount no less than the greater of (I) the amount required by the Medical Staff Bylaws or (ii) $1,000,000 per occurrence and $3,000,000 in the aggregate.

Said insurance will cover all of the HOSPICE MEDICAL DIRECTOR 's professional services provided to patients of Apex Hospice and Palliative Care, Inc. The MEDICAL DIRECTOR is responsible for insurance coverage of any private medical practice, as well as any other medical activities outside of the agency's medical activities.

## APEX HOSPICE AND PALLIATIVE CARE, INC.
Hospice Medical Director Agreement

2.6 <u>Time</u>. HOSPICE MEDICAL DIRECTOR will devote such time and attention as is necessary to fulfill his or her duties and responsibilities. HOSPICE MEDICAL DIRECTOR will be available forty (40) hours per week, and no more than on-call Monday through Thursday and every other weekend. HOSPICE MEDICAL DIRECTOR will be responsible for arranging for coverage when he/she is unavailable; however, prior approval of any Physician providing coverage for HOSPICE MEDICAL DIRECTOR must be obtained from the CEO of Apex Hospice and Palliative Care, Inc.

2.7 <u>Disclosure of Information</u>. HOSPICE MEDICAL DIRECTOR recognizes and acknowledges that she will have access to certain confidential information of the APEX HOSPICE AND PALLIATIVE CARE, INC. and that such information constitutes valuable, special, and unique property of the APEX HOSPICE AND PALLIATIVE CARE, INC. HOSPICE MEDICAL DIRECTOR will not, during or after the term of this Agreement, without the consent of the APEX HOSPICE AND PALLIATIVE CARE, INC. disclose any such confidential information to any other person, firm, corporation, association, or other entity for any reason or purpose whatsoever except as may be ordered by a court or governmental agency or as may otherwise be required by law. In the event of a breach or a threatened breach by HOSPICE MEDICAL DIRECTOR of the provisions of this paragraph, the APEX HOSPICE AND PALLIATIVE CARE, INC. will be entitled to an injunction restraining HOSPICE MEDICAL DIRECTOR from disclosing in whole or in part any confidential information. Nothing herein will be construed as prohibiting the APEX HOSPICE AND PALLIATIVE CARE, INC. from pursuing any other remedies available to it for such breach or threatened breach, including the recovery of damages from HOSPICE MEDICAL DIRECTOR.

2.8 <u>Financial Obligation</u>. HOSPICE MEDICAL DIRECTOR will NOT incur any financial obligation for $100 and over on behalf of the APEX HOSPICE AND PALLIATIVE CARE, INC. or for which the APEX HOSPICE AND PALLIATIVE CARE, INC. will be responsible without prior approval of the CEO.

2.9 <u>Billing</u>. The HOSPICE MEDICAL DIRECTOR will not charge patients for services rendered as HOSPICE MEDICAL DIRECTOR of the APEX HOSPICE AND PALLIATIVE CARE, INC. The professional fees charged to patients will be for professional services rendered to individual patients only. Such fees will be separate from APEX HOSPICE AND PALLIATIVE CARE, INC. fees to the patient for APEX HOSPICE AND PALLIATIVE CARE, INC. services, including services performed by any MEDICAL DIRECTOR as HOSPICE MEDICAL DIRECTOR.

2.10 <u>Services</u>. HOSPICE MEDICAL DIRECTOR will perform all obligations of HOSPICE MEDICAL DIRECTOR under this Agreement at the APEX HOSPICE AND PALLIATIVE CARE, INC.'s principal place of business, Apex Hospice and Palliative Care, Inc., 550 Oakmont Lane, Westmont, Illinois. All communications to APEX HOSPICE AND PALLIATIVE CARE, INC. will be directed to the CEO at such address and the APEX HOSPICE AND PALLIATIVE CARE, INC.'s CEO will have full authority to communicate to HOSPICE MEDICAL DIRECTOR on behalf of APEX HOSPICE AND PALLIATIVE CARE, INC.

**APEX HOSPICE AND PALLIATIVE CARE, INC.**
Hospice Medical Director Agreement

### 3. OBLIGATIONS OF APEX HOSPICE AND PALLIATIVE CARE, INC.

3.1 Compensation. For all services provided by HOSPICE MEDICAL DIRECTOR pursuant to this Agreement, APEX HOSPICE AND PALLIATIVE CARE, INC. will pay HOSPICE MEDICAL DIRECTOR $225,000 per year. This will be broken into bi-weekly pay periods.

### 4. DURATION AND TERMINATION

4.1 Term. This Agreement will continue in effect for a term of one (1) calendar year from the effective date and thereafter from year to year unless terminated sooner as hereinafter set forth.

4.2 Modification or Renewal. The payment provisions of this Agreement may ONLY be altered or modified during any 12-month term to allow for salary increase in accordance with growth and census of the agency. For this purpose, salary provisions will be reassessed by APEX HOSPICE AND PALLIATIVE CARE, INC. at six (6) months periods. Otherwise, the payment provisions of this Agreement may NOT be altered or modified during any 12-month term. Moreover, following termination without cause, the parties will not enter into the same or a similar contract with each other unless the new contract does not have the effect of altering or modifying the previous Agreement's payment provisions within a 12-month period. The intent of this provision is to prohibit the parties from terminating this Agreement without cause and then entering into a new contract in order to alter or modify the payment provisions within a period of less than one (1) year.

4.3 Termination. Either party at any time may terminate the Agreement, without cause, by giving written notice of such termination to the other party at least ninety (90) days prior to the date on which the termination is to be effective, such date to be specified in the notice. Either party at any time may terminate the Agreement, with cause, by giving written notice of such termination to the other party at least thirty (30) days with cause, prior to the date on which the termination is to be effective, such date to be specified in the notice. Notwithstanding the above, if HOSPICE MEDICAL DIRECTOR fails to comply with any or all of the requirements set forth in Section 2.1, of this Agreement at any time during this Agreement, APEX HOSPICE AND PALLIATIVE CARE, INC. will be entitled to terminate this Agreement effective immediately.

### 5. MISCELLANEOUS

5.1 Governing Law. This Agreement will be subject to and governed by the laws of the State of Illinois.

5.2 Remedies. All rights, powers and remedies granted to either party by any particular term of this Agreement are in addition to, and not in limitation of, any rights, powers or remedies which it has under any other term of this Agreement, at common law, in equity, by statute, or otherwise. All such rights, powers and remedies may be exercised separately or concurrently, in such order and as often as may be deemed expedient by either party. No delay or omission by either party to exercise any right, power or remedy will impair such right, power or remedy or be construed to be a waiver of or an acquiescence to any breach or default. A waiver by either party of any breach or default hereunder will not constitute a waiver of any subsequent breach or default.

**APEX HOSPICE AND PALLIATIVE CARE, INC.**
Hospice Medical Director Agreement

5.3 <u>Amendment</u>. No amendment or variation of the terms of this Agreement will be valid unless in writing and signed by both parties in the manner provided in Section 5.11 of this Agreement.

5.4 <u>Assignment</u>. Neither this Agreement nor any rights, powers or duties hereunder may be assigned by either party without the express written consent of the other party, and any such unauthorized assignment will be void. If any such unauthorized assignment is attempted by either party, the other party will have the power, at its election, to terminate this Agreement effective immediately. Further, HOSPICE MEDICAL DIRECTOR may not subcontract or otherwise arrange for another individual or entity to perform his duties under this Agreement, with the exception of the limited coverage provisions set out in Section 2.6 of this Agreement.

5.5 <u>Captions</u>. The captions for each Paragraph of this Agreement are included for convenience of reference only and are not to be considered a part hereof, and will not be deemed to modify, restrict or enlarge any of the terms of provisions of this Agreement.

5.6 <u>Notice</u>. Any notice required or permitted to be given under this Agreement will be sufficient if in writing and hand delivered or sent by certified or registered mail, return receipt requested, addressed as follows:

**Apex Hospice and Palliative Care, Inc.**

_____
CEO
510 Oakmont Lane
Westmont, IL 60559

_[signature]_____, M.D.
Hospice MEDICAL DIRECTOR
Oak Park, IL 60304

or to any other address as may be given by either party to the other by notice in writing pursuant to the provisions of this Section.

5.7 <u>Severability</u>. In the event that any provision of the Agreement is held to be unenforceable for any reason, the unenforceability of that provision will not affect the remainder of this Agreement, which will remain in full force and effect in accordance with its terms.

5.8 <u>Fraud and Abuse</u>. The parties enter into this Agreement with the intent of conducting their relationship in full compliance with applicable state, local, and federal law including the Medicare/Medicaid Anti-fraud and Abuse Amendments. Notwithstanding any unanticipated effect of any of the provisions herein, neither party will intentionally conduct itself under the terms of this Agreement in a manner to constitute a violation of the Medicare and Medicaid fraud and abuse provisions. Further, if legislation is passed, the effect of which would be to hinder APEX HOSPICE AND PALLIATIVE CARE, INC.'s ability to obtain reimbursement from Medicare/Medicaid due to the existence of this Agreement, or if this Agreement becomes illegal under any subsequent law or regulation, then this Agreement will terminate immediately.

**APEX HOSPICE AND PALLIATIVE CARE, INC.**
Hospice Medical Director Agreement

5.9 Access to Books and Records of Subcontractor. Upon the written request of the Secretary of Health and Human Services or the Comptroller General or any of their duly authorized representatives, the HOSPICE MEDICAL DIRECTOR will make available those contracts, books, documents, and records necessary to verify the nature and extent of the costs of providing services under this Agreement. Such inspection will be available up to four (4) years after the rendering of such services. If the HOSPICE MEDICAL DIRECTOR carries out any of the duties of this Agreement through a subcontract with a value of $10,000 or more over a 12-month period with a related individual or APEX HOSPICE AND PALLIATIVE CARE, INC., the HOSPICE MEDICAL DIRECTOR agrees to include this requirement in any such subcontract. This section is included pursuant to and is governed by the requirements of Public Law 96-+99, Sec. 952 (Sec. 1861(v)(1) of the Social Security Act) and the regulations promulgated thereunder. No attorney-client, accountant-client or other legal privilege will be deemed to have been waived by the APEX HOSPICE AND PALLIATIVE CARE, INC., or the HOSPICE MEDICAL DIRECTOR by virtue of this Agreement.

5.10 Policy. *Nothing contained in this Agreement will require HOSPICE MEDICAL DIRECTOR or any Physician to admit or refer any patients to Apex Hospice and Palliative Care, Inc. as a precondition to receiving the benefits set forth herein.*

5.11 Entire Agreement. This Agreement constitutes the entire Agreement between the parties with respect to the subject matter hereof, and supersedes any and all other agreements, understandings, negotiations, or representations, oral or written, between them.

5.12.1 An Execution in Counterparts. This Agreement and any amendments hereto will be executed in multiple counterparts by HOSPICE MEDICAL DIRECTOR and by the Administrator of Apex Hospice and Palliative Care, Inc. for and on behalf of APEX HOSPICE AND PALLIATIVE CARE, INC. Each counterpart will be deemed an original, but all counterparts together will constitute one and the same instrument.

5.12.2 Authorization for Agreement. The execution and performance of this Agreement by APEX HOSPICE AND PALLIATIVE CARE, INC. and HOSPICE MEDICAL DIRECTOR have been duly authorized by all necessary laws, resolutions, and corporate action, and this Agreement constitutes the valid and enforceable obligations of HOSPICE MEDICAL DIRECTOR and APEX HOSPICE AND PALLIATIVE CARE, INC. in accordance with its terms.

In WITNESS WHEREOF, the parties hereto have executed this Agreement on the day and year first above written.

By: _____  Date: Feb 9, 2024
Janice Makela, M.D.

Apex Hospice and Palliative Care, Inc.
By: _____  Date: 2/9/2024
CEO